# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0886
Lower Tribunal No. 22-10748-SP-05
_____

**Universal X Rays, Corp., a/a/o Damaris Broche,**
Appellant,

vs.

**Infinity Auto Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman; Robert J. Lee, P.A., and Robert J. Lee, for appellant.

Law Offices of Terry M. Torres & Associates, and Robert Phaneuf, for appellee.

Before, LINDSEY, GORDO and GOODEN JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Ottey v. Citizens Prop. Ins. Corp.</u>, 299 So. 3d 500, 501 (Fla. 3d DCA 2020) ("Our standard of review of an order granting summary judgment is de novo." (quoting <u>White v. Ferco Motors Corp.</u>, 260 So. 3d 388, 390 (Fla. 3d DCA 2018)); <u>Betancourt v. Citizens Prop. Ins. Corp.</u>, 406 So. 3d 1011, 1013 (Fla. 3d DCA 2025) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (quoting Fla. R. Civ. P. 1.510(a))); <u>Luckman v. Wills</u>, 306 So. 3d 990, 993 n.2 (Fla. 3d DCA 2020) ("A trial court's evidentiary ruling that excludes an affidavit is reviewed for an abuse of discretion."); <u>State Farm Mut. Auto. Ins. Co. v. Advanced X-Ray Analysis, Inc.</u>, 368 So. 3d 1049, 1051 (Fla. 3d DCA 2023) ("A party cannot evade the requirement to timely file based on a trial court's discretionary choice . . . . It is far-fetched to argue a trial court abused its discretion by enforcing the plain language of a rule of civil procedure promulgated to place practitioners and courts on notice of what is required. These rules are not advisory and are meant to provide time limits to raise arguments and present evidence in order to prevent gamesmanship, unfair surprise, and prejudice.").